1  KEVIN FLAUTT, Bar No. 257892
   kevin.flautt@bbklaw.com
2  OLIVIA CLARK, Bar No. 316689
   olivia.clark@bbklaw.com
3  BEST BEST & KRIEGER LLP
   500 Capitol Mall, Suite 2500
4  Sacramento, California 95814
   Telephone:    (916) 325-4000
5  Facsimile:    (916) 325-4010

6  Attorneys for Defendant(s)
   TRUCKEE SANITARY DISTRICT, BLAKE
7  TRESAN, and BRIAN SMART

8

                    UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11

12 | STUART DOUGLASS, JOHN MAXEY, and MARY MARSH LINDE, | Case No. 2:25-cv-01609-AC
13 | Plaintiffs, | **DEFENDANTS' *EX PARTE* REQUEST FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING PURSUANT TO LOCAL RULE 144(C) and [PROPOSED] ORDER (FRCP 6)**
14 | v. |
15 | TRUCKEE SANITARY DISTRICT, a Public Corporation, BLAKE TRESAN, individually and in his official capacity; BRIAN SMART, individually and in his official capacity; And DOES 1-10 inclusive, |
16 | | Dept:     Courtroom 26
17 | | Magistrate Judge: Allison Claire
18 | Defendants. |

19

20        Defendants Truckee Sanitary District, Blake Tresan, and Brian Smart (collectively,

21 "Defendants") respectfully request a brief extension of time for their initial response date to provide

22 a response to Plaintiffs Stuart Douglass, John Maxey, and Mary Marsh Linde (collectively,

23 "Plaintiffs") First Amended Complaint filed August 7, 2025 ("FAC", Dkt. No. 10) by fourteen (14)

24 calendar days so that Defendants' response will be due on or before Thursday, September 11, 2025.

25 In fairness, Defendants also ask that the Court grant Plaintiffs seven (7) additional calendar days to

26 respond. In speaking with Plaintiffs' counsel, **Plaintiffs will not agree to a stipulation but "will**

27 **not file a written opposition."** (Declaration of Olivia Clark ISO Request for Extension to File

28 Response to Plaintiffs' FAC ("Clark Decl."), ¶ 8 and Exh. A.)

The Court, may, at its discretion, grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot be reasonably obtained, explaining the reasons why such a stipulation cannot be obtained, and explaining the reasons why the extension is necessary. (Local Rules for the United States District Court Eastern District of California ("Local Rules"), Rule 144(c).) Pursuant to Federal Rules of Civil Procedure ("FRCP") a court may, for good cause, extend the time for a response if a request is made before the original time expires. (FRCP 6(b)(1)(B).) FRCP Rule 6(b), governing extensions of time, must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." (*Ahanchian v. Xenon Pictures, Inc*. (9th Cir. 2010) 624 F.3d 1253, 1255. ''Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." (*Id.* at 1259.)

Defendants submit this request for extension prior to the deadline for the responsive pleading, which is Thursday, August 28, 2025. This requested extension follows Defendants' good faith stipulation to Plaintiffs' request for leave to file a First Amended Complaint, when amendment was past the statutory deadline to do so. (Dkt. Nos. 8-9; FRCP 15.) As part of such initial stipulation, Defendants were initially ordered to respond within 21 days to the FAC. (Dkt. No. 9.) This request is the initial request for an extension of time to respond to the FAC.

There is good cause for Defendants' request. Defendants diligently sought a stipulation from opposing counsel prior to the filing of this ex parte application. (Clark. Decl., ¶¶ 2-8.) On Friday, August 22, 2025, when it first became clear that that the August 28, 2025, filing date would cause scheduling conflicts and document processing issues, Defendants' counsel Olivia Clark emailed Plaintiffs' counsel Michael Mapes at midday asking for a seven (7) calendar day extension in exchange for Plaintiffs receiving an equal extension on their response and offering to prepare the stipulation and proposed order to effectuate the matter. (*Id.* at ¶ 2 and Exh. A.) Ms. Clark followed-up shortly after with a phone call to Mr. Mapes's office and, receiving no answer, left a message to the same effect. (Clark Decl., ¶ 3.) Receiving no answer and time being of the essence, Ms. Clark prepared the proposed stipulation and proposed order and emailed it to Mr. Mapes. (*Id.* at ¶ 4 and Exh. A.)  Mr. Mapes did not reply. (*Ibid.*)

On Monday, August 25, 2025, at approximately 10:00am, Defendants' counsel Ms. Clark

called Mr. Mapes's office again, received no answer, and left a message making the same ask. (Clark Decl., ¶ 5.)  Ms. Clark followed up with an email stating the same and again attaching the proposed, requisite documentation. (*Id*. at ¶ 6 and Exh. A.) At approximately 11:00am. Mr. Mapes replied via email that his clients would not permit him to grant the requested extension. (*Id.* at ¶ 7 and Exh. A.) Mr. Mapes followed up with a phone call stating the same – his clients declined – and stating that because the FAC is so similar to the original complaint, an extension shouldn't be necessary. (*Id*. at ¶ 8.) No further reason or asserted prejudice to Plaintiffs was identified. (*Ibid*.) Mr. Mapes emailed later that, while Plaintiffs are still not agreeable to an extension, he "will not file a written opposition." (*Id*. at ¶ 8 and Exh. A.) Thus, a stipulation with Plaintiffs to extend time could not be reasonably obtained. (*Id.* at ¶ 9.)

This extension is necessary due to the press of business, counsel's resulting scheduling conflicts, and because Defendants are still gathering documents and other information related to the civil RICO cause of action added to the FAC, where the original complaint had no such cause of action. (Clark Decl., ¶ 10.) Research on the wholly unique cause of action, gathering of requisite documentation dating back to the land use and transfer events alleged in the FAC as early as 1987 is complex. (*Ibid.*) Evaluation and analysis is cumbersome and time consuming, especially where Defendants are a small public agency in the rural Tahoe area so the gathering and provision of documents is nearly impossible while still trying to maintain business as usual. (*Ibid.*) Defendants require more time to prepare their response. (*Id.* at ¶¶ 11-12.) Indeed, this extension will behoove Plaintiffs and the Court since it will provide Plaintiffs additional time to fully respond, as Mr. Mapes has a trial in October that he must schedule for, and the benefit to the Court in more fulsome and well supported motions and responses further warrants this brief extension. (*Id.* at ¶ 13.)

Notably, as especially relevant here, the Eastern District, on motion for shortened time to respond to amended complaint, ruled:

> The Court does not find a twenty-eight day extension of time will unnecessarily delay this recently filed action. This Court encourages thoughtful and well-supported motions and mandates that parties thoroughly meet and confer in good faith prior to filing those motions. The Court does not encourage gamesmanship, nor does it appreciate any party's refusal to act in good faith. Thus, Plaintiff's additional reasoning for declining the extension of time— that "since [Ms. Sperling is] an attorney, [she] should be able to respond by July 7"—is not well-taken. In light of Plaintiff's filing of the first amended complaint and for the reasons

proffered by the State Bar Defendants, the Court finds good cause to grant the State Bar Defendants' 28-day extension of time to file a responsive pleading (*Singer v. Waters* (E.D. Cal. June 27, 2025) No. 1:25-CV-00532-KES-SAB 2025 WL 1789096, at *2.) The same applies here; Defendants counsel simply seeks a brief extension – shorter than 28 days in *Singer* – to fully and sufficiently address the legal issues raised in the FAC and as an accommodation to the scheduling conflicts addressed in the accompanying affidavit of counsel. (Clark Decl., ¶¶ 11-12.)

As such, Defendants respectfully seek leave of court for an extension to file a responsive pleading. Specifically, Defendants respectfully request an extension from August 28, 2025, to September 11, 2025 to file a responsive pleading and that Plaintiffs receive a seven-day extension to respond to Defendants' responsive pleading as well.

Respectfully Submitted,

Dated: August 25, 2025                              BEST BEST & KRIEGER LLP


By: */s/ Olivia Clark*
     KEVIN FLAUTT
     OLIVIA CLARK

Attorneys for Defendants
TRUCKEE SANITARY DISTRICT, BLAKE TRESAN, and BRIAN SMART

**[~~PROPOSED~~] ORDER**

The Court hereby grants Defendants' request for an extension of time to provide a response to Plaintiffs' First Amended Complaint. The deadline is now Thursday, September 11, 2025.

The Court hereby grants Defendants' request for Plaintiffs' extension of time to provide a response to Defendants' response(s) to the FAC. The deadline is extended seven (7) calendar days.

IT IS SO ORDERED.

Dated: August 26, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE