UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUART DOUGLASS, JOHN MAXEY, MARY MARSH LINDE, | No.  2:25-cv-01609 AC |
| Plaintiffs, | |
| v. | ORDER |
| TRUCKEE SANITARY DISTRICT; a Public Corporation, BLAKE TRESAN, individually and in his official capacity; BRIAN SMART, individually and in his official capacity; and DOES 2-20 inclusive | |
| Defendants. | |

This case is before the undersigned for all purposes on the consent of the parties.  ECF No. 18.  On November 21, 2025, the undersigned granted defendants' motion to dismiss the case a untimely, and the case was closed.  ECF Nos. 24, 25.  On December 19, 2025, defendants filed a motion for attorneys' fees pursuant to 42 U.S.C. § 1988(b).  Plaintiffs opposed the motion.  ECF No. 29.  Defendants submitted a reply.  ECF No. 30.  Plaintiffs objected to portions of the reply brief.  ECF No. 30.

Section 1988 states that for certain proceedings in vindication of civil rights, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee[.]"  42 U.S.C. § 1988(b).  The standard for awarding such fees differs depending on whether

1

the prevailing party is a plaintiff or defendant.  The United States Supreme Court has imposed a strict limitation on a trial court's discretion to award fees when the prevailing party is a defendant.  In such cases, the court may award fees only if it finds that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."  Hughes v. Rowe, 449 U.S. 5, 14 (1980).

Defendants contend they are entitled to over $65,000.00 in attorneys' fees for having to litigate this case, which they argue was obviously without merit, and for having to bring the subsequent fees motion.  ECF No. 27 at 5.  Defendants contend that they repeatedly told plaintiffs, who are represented by sophisticated counsel, that their claims were "wildly untimely."  Id.  While the court ultimately agreed with defendants that plaintiffs' claims were time-barred, the undersigned does not believe that an award of attorneys' fees pursuant to § 1988 is appropriate in this case.  Plaintiffs presented sufficiently reasonable, if not ultimately persuasive, arguments related to timeliness, including an argument of delayed discovery.  While plaintiffs' claims in this case were not meritorious, they were also not "frivolous, unreasonable or groundless within the meaning of 42 U.S.C. § 1988."  Karam v. City of Burbank, 352 F.3d 1188, 1196 (9th Cir. 2003).  An award of fees would therefore be an inappropriate exercise of the court's discretion.

Defendant's motion for attorneys' fees, ECF No. 27, is therefore DENIED.

DATED: February 9, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE